# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-30703
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERT CLIFTON RENFROE, II

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CR-20010-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Clifton Renfroe appeals from his guilty-plea conviction of production of child pornography. He challenges the district court's decision to depart upwardly from the Sentencing Guidelines range to the statutory maximum term of 30 years of imprisonment. *See* 18 U.S.C. § 2251(e). Renfroe argues that the district court made a clearly erroneous factual finding that he engaged in uncharged conduct involving the distribution of child pornography. Renfroe further contends that the district court improperly based its decision to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

depart on his prior conviction of possession of child pornography, claiming that his prior conviction was adequately accounted for in his criminal history score, and that the district court's utilization of the conviction as a basis for the departure implicitly violated his plea agreement.

We review a sentence above the guidelines sentencing range under the abuse-of-discretion standard. First, we examine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). If the district court's departure or variance decision is procedurally sound, we then consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* We take into account the totality of the circumstances, and we may consider the extent of the departure or variance, but we "give due deference to the district court's determination that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "An upward departure by a district court is not an abuse of discretion if the court's reasons for departing 1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2) and 2) are justified by the facts of the case." *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (internal quotation marks omitted).

The record reflects that the district court based its decision to depart on permissible factors that advanced the objectives set forth in § 3553(a) and which were justified by the facts of the case. *See id.* The district court suggested that the advisory Guidelines range did not account adequately for the severity of Renfroe's conduct or provide just punishment for the offense. The court noted that Renfroe had engaged in conduct, including the distribution of child pornography, that did not enter into the calculation of the Guidelines range. The

court further expressed its belief that an upward departure was appropriate to protect the public and deter Renfroe—who had a prior conviction for possession of child pornography and whom the district court identified as a predator—from future criminal conduct. The district court also noted that the Guidelines range did not properly reflect the specific characteristics of the offense, e.g., Renfroe's production of child pornography depicting him manually touching the genitals of young children, his actual molestation of his six-year-old niece and the three-year-old daughter of his girlfriend, his possession of approximately 800 images of child pornography, and his violation of his family members' trust.

Furthermore, the district court's decision to depart upwardly based in part on its factual finding that Renfroe participated in the distribution of child pornography was not clearly erroneous. This court will uphold a factual finding "so long as it is plausible in light of the record as a whole." *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (internal quotation marks omitted). In the instant case, Renfroe failed to present evidence to rebut the PSR's finding that third parties had obtained the images that Renfroe created. *See United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998). Moreover, there was evidence in the record that Renfroe enabled the images' distribution by placing them in an Internet-accessible format and disseminating the information needed to view the images. Although Renfroe denied that he was responsible for the images' distribution, the district court implicitly concluded that his testimony was incredible. We give due deference to the district court's credibility determinations. *See United States v. Solis*, 299 F.3d 420, 437 (5th Cir. 2002).

Likewise, Renfroe has not shown that the district court improperly utilized his prior conviction for possession of child pornography as a basis for the upward departure. Although the court used the prior conviction to calculate Renfroe's criminal history, the PSR's criminal history calculation did not fully capture the sentencing implications of the conviction. The criminal history points assigned for the conviction did not account for the specific characteristics of the offense,

Renfroe's apparent failure to be deterred by his prior conviction, and the apparent similarities between Renfroe's prior conviction and the instant offense. *See* § 3553(a)(2). Thus, to the extent that the district court relied on Renfroe's prior conviction, and that offense already was accounted for by Renfroe's criminal history, such reliance was not improper. *See United States v. Brantley*, 537 F. 3d 347, 350 (5th Cir. 2008). The district court's consideration of Renfroe's prior conviction as a basis for his upward departure also was not inconsistent with the terms of his plea agreement. Accordingly, Renfroe has failed to show that the district court's decision to depart was an abuse of discretion.

Renfroe also challenges the extent of the district court's upward departure. Renfroe asserts that the 360-month sentence imposed by the district court was greater than necessary to achieve the sentencing objectives of § 3553(a). Renfroe asserts that the district court improperly balanced the § 3553(a) factors, and that the statutory minimum sentence of 15 years of imprisonment would have satisfied the sentencing goals. Renfroe also argues that the extent of the district court's departure was unreasonable under § 3553(a)(6) because it did not account for the need to avoid unwarranted sentencing disparities among similarly situated defendants.

Renfroe has failed to demonstrate that the extent of the district court's departure was unreasonable. Although the 360-month statutory maximum sentence was double the advisory guidelines range of 180 months, this court has affirmed similar upward departures or non-Guidelines sentences. *See Brantley*, 537 F.3d at 348-50; *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005). While the § 3553(a) factors may have weighed in favor of an imposing a lower sentence, the district court concluded that the statutory maximum sentence was proper under the circumstances. The possibility that this court might conclude that a different sentence is appropriate is not sufficient to justify reversal. *See Gall*, 128 S. Ct. at 597.

4

Renfroe also has not shown that the extent of the departure was unreasonable under § 3553(a)(6). Renfroe's citation to the average sentences imposed upon individuals convicted of unspecified sexual offenses is unavailing. The statistics fail to show that Renfroe was sentenced differently than a defendant with a similar record who was found guilty of similar conduct and do not establish that any sentencing disparities between Renfroe and defendants convicted of similar conduct were unwarranted. *See* § 3553(a)(6); *United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). Furthermore, the district court correctly calculated and carefully reviewed the Guidelines range, which indicates that it gave significant consideration to the need to avoid unwarranted disparities. *See Gall*, 128 S. Ct. at 598.

AFFIRMED.