# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 1, 2011

Lyle W. Cayce
Clerk

No. 10-20594
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MANUEL HINOJOSA SAENZ, also known as Jose Manuel Hinojosa, also known as Jesus Prado, also known as Rosbel Pena Hinojosa, also known as Armomndo Garcia Saenz, also known as Jose Hinojosa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-170-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Manuel Hinojosa Saenz (Saenz) pleaded guilty to a single count of illegal presence in the United States after deportation following an aggravated felony conviction. Based on a 1987 conviction for possession with intent to distribute marijuana, Saenz received an enhancement of 16 offense levels; as a result, the applicable guidelines sentencing range was 57 to 71 months of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. Saenz ultimately was sentenced to 70 months of imprisonment. On appeal, Saenz argues that both the 16-level enhancement and his 70-month sentence were substantively unreasonable.

We review a sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *Rita v. United States,* 551 U.S. 338, 347 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied* 130 S. Ct. 1930 (2010).

Saenz first argues that the imposition of the 16-level enhancement based on his 1987 conviction was unreasonable because he has not committed similar or serious crimes since that conviction. However, considering Saenz's multiple criminal convictions since 1987, including one for marijuana possession in 2001 for which he received a five-year sentence, we conclude that the district court did not abuse its discretion by imposing the 16-level enhancement and the 70-month sentence.

To the extent Saenz argues that the U. S. Sentencing Commission has not sufficiently justified the 16-level enhancement, we have rejected similar arguments and continue to apply the appellate presumption of reasonableness to within guidelines sentences, even when the particular Guideline lacks an empirical basis. *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009). We also have rejected arguments that the lack of a "fast-track" program in a particular district produces unwarranted

sentencing disparities. *See United States v. Gomez-Herrera,* 523 F.3d 554, 563 & n.4 (5th Cir. 2008).

Saenz argues that the 16-level enhancement creates sentencing disparities and results in an equal protection issue. Saenz has not shown that the enhancement creates unwarranted sentencing disparities, especially given that he received a within-guidelines sentence. *See United States v. Willingham,* 497 F.3d 541, 545 (5th Cir. 2007). Likewise, imposition of the enhancement does not raise equal protection concerns because it applies to all persons with prior drug trafficking convictions who have illegally reentered the United States. *See United States v. Cardenas-Alvarez,* 987 F.2d 1129, 1134 (5th Cir. 1993).

Saenz argues that, as a result of the 16-level enhancement, his sentence is grossly disproportionate to the crime he committed and that the sentence constitutes cruel and unusual punishment. When evaluating an Eighth Amendment challenge, this court makes a threshold comparison between the gravity of the charged offense and the severity of the sentence. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). Only if the sentence is grossly disproportionate to the offense do we compare the sentence at issue with (1) sentences imposed for other crimes in the same jurisdiction and (2) sentences imposed for the same crime in other jurisdictions. *Id.* We conclude that Saenz has not demonstrated that his 70-month sentence is grossly disproportionate to his offense or that it rises to the level of cruel and unusual punishment. *See Cardenas-Alvarez,* 987 F.2d at 1134.

Finally, Saenz argues that the district court failed to consider all of the § 3553(a) factors when imposing sentence. The district court's statements at sentencing indicate that it considered various § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to promote respect for the law, and the need to afford adequate deterrence. *See* § 3553(a)(1), (a)(2)(A)-(B). The district court was not required to "engage in robotic incantations that each statutory factor

has been considered." *United States v. Smith,* 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks and citation omitted).

For the reasons discussed above, we conclude that Saenz has failed to rebut the presumption that his within-guidelines sentence of 70 months was substantively reasonable. *See Alonzo*, 435 F.3d at 554. Therefore, his sentence is AFFIRMED.