**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2011

Lyle W. Cayce
Clerk

No. 10-10862
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL VILLARREAL-PENA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CR-11-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Villarreal-Pena appeals the 60-month sentence imposed following his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. Villarreal-Pena's first claim, that the district court procedurally erred by not adequately explaining its reasons for varying upward from the guidelines range of imprisonment of 21 to 27 months, is unpersuasive. The district court's reasons for the upward variance were fact-specific and consistent with the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Smith*, 440 F.3d 704,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

707 (5th Cir. 2006). Specifically, the court looked at the nature and circumstances of the offense and Villarreal-Pena's history and characteristics, noting that Villarreal-Pena had four DWI convictions, one drug conviction, a prior conviction for illegal reentry, and "three other convictions." Next, the court considered the need to reflect the seriousness of the offense, the need to promote respect for the law and to provide adequate punishment, and the need to afford adequate deterrence to further criminal conduct and to protect the public from future crimes. Accordingly, Villarreal-Pena has not shown plain error in connection with the district court's reasons. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Villarreal-Pena next challenges the substantive reasonableness of the sentence. We review a reasonableness challenge to an upward variance for an abuse of discretion. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). While the variance in this case is significant, this court has affirmed similar variances and departures. *See, e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Herrera-Garduno*, 519 F.3d 526, 530-32 (5th Cir. 2008). There is no indication that the district court failed to (1) "account for a factor that should have received significant weight," (2) gave "significant weight to an irrelevant or improper factor," or (3) made "a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (internal quotation marks and citation omitted).

Villarreal-Pena's reliance on statistics regarding the mean and median sentences for illegal reentry and the rate of departures in the Northern District of Texas is also unavailing, as those statistics shed no light on the factors that informed the underlying sentencing decisions or on whether the sentence in this case was unreasonable. *See, e.g., United States v. Willingham,* 497 F.3d 541, 544-45 (5th Cir. 2007). The judgment of the district court is AFFIRMED.