IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-40152
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SAMUEL BETANZOS-CENTENO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-697-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Samuel Betanzos-Centeno appeals his sentence for possession with intent to distribute in excess of five kilograms of cocaine. Betanzos-Centeno was sentenced within his properly calculated range under the United States Sentencing Guidelines. Betanzos-Centeno argues that the district court erred in imposing his sentence because it required him to overcome a legal presumption that the guidelines range should apply or that the guidelines range was reasonable. Betanzos-Centeno also argues that the district court erred by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing him based on a standard of reasonableness, without proper assessment of the factors set forth in 18 U.S.C. § 3553(a).

Because Betanzos-Centeno's instant arguments were not presented before the district court, they must satisfy the standards of plain error review. See United States v. Willingham, 497 F.3d 541, 544 (5th Cir. 2007); United States v. Hernandez-Martinez, 485 F.3d 270, 272-73 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007). Betanzos-Centeno has not established plain error. In rejecting Betanzos-Centeno's request for a below-guidelines sentence, the district court did not place any burden on Betanzos-Centeno to overcome a presumption in favor of the guidelines range. His sentence was imposed with sufficient consideration of the § 3553(a) factors and is not unreasonable. See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Betanzos-Centeno also contends that his sentence is unreasonable because this court's post-Booker rulings have effectively reinstated the mandatory guidelines regime condemned in Booker. Betanzos-Centeno concedes that this argument is foreclosed under circuit precedent, but seeks to preserve it for further review, citing the Supreme Court's granting of certiorari in Gall v. United States, 127 S. Ct. 2933 (2007), and Kimbrough v. United States, 127 S. Ct. 2933 (2007). Both Gall and Kimbrough have now been decided, and they do not impact this court's review of the reasonableness of Betanzos-Centeno's sentence. See Gall v. United States, ___ S. Ct. ___, No. 06-7949, 2007 WL 4292116, at * 2 (Dec. 10, 2007); Kimbrough v. United States, ___ S. Ct. ___, No. 06-6330, 2007 WL 4292040 *1-2 (Dec. 10, 2007). Betanzos-Centeno's request that his case be held pending the Supreme Court's decisions in Gall and Kimbrough is DENIED.

The judgment of the district court is AFFIRMED.