**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-20259
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JERMAINE CARLOS DIAZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-488-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jermaine Carlos Diaz pleaded guilty to one count of failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). He was sentenced to 18 months of imprisonment and a life term of supervised release. Diaz appeals his sentence. Diaz argues that the district court clearly erred in failing to apply a three-level adjustment pursuant to U.S.S.G. § 2A3.5(b)(2)(A) because he voluntarily corrected the failure to register and that his life term of supervised release is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review all sentences for reasonableness, using a deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence imposed is procedurally sound. *Id.* at 597. We then consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard. *Id.*

This court still reviews a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A finding is not clearly erroneous if it is plausible in light of the whole record. *Id.*

Section 2A3.5(b)(2) provides that a defendant's base offense level should be decreased by three levels, "[i]f the defendant voluntarily (A) corrected the failure to register; or (B) attempted to register but was prevented from registering by uncontrollable circumstances and the defendant did not contribute to the creation of those circumstances." U.S.S.G. § 2A3.5(b)(2). The application notes clarify that subsection (b)(2) applies only if "the defendant's voluntary attempt to register or to correct the failure to register . . . occurred prior to the time the defendant knew or reasonably should have known a jurisdiction had detected the failure to register." § 2A3.5, cmt. n.2(A).

The record reflects that when Diaz finally corrected his failure to register in Houston, Texas, he had already been charged with failing to register in Arkansas. At that time, Diaz knew that his failure to register had been detected by one jurisdiction. Further, Diaz had been living in Houston for months prior to his apprehension; he admitted that he did not register because he was doing so many things at one time; and he conceded that he had the time to register but was promoting a show at the time and just, basically, avoided the law. Consequently, Diaz has failed to demonstrate that the district court clearly erred in denying his request for a three-level adjustment.

Diaz also argues that the district court erred in imposing a life term of supervised release. Diaz contends that failing to register as a sex offender is a

Class C felony for which, pursuant to U.S.S.G. § 5D1.2(a)(2), the term of supervised release is at least two years but not more than three years. *See* U.S.S.G. § 5D1.2(a)(2). He contends that the district court failed to consider this provision or provide adequate reasons for the term of supervised release and that the life term is therefore unreasonable.

As Diaz concedes, because he did not object to the district court's imposition of a life term of supervised release, review is for plain error only. *See United States v. Willingham,* 497 F.3d 541, 544 (5th Cir. 2007). To show plain error, Diaz must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 77 U.S.L.W. 3398 (U.S. Jan. 12, 2009) (No. 08-7559). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record reflects that the district court considered the nature and circumstances of the offense as well as Diaz's history and characteristics in determining Diaz's sentence and that even if the district court erred in failing to consider § 5D1.2(a)(2) in determining the term of supervised release, 18 U.S.C. § 3583(k) authorizes a maximum statutory term of life supervised release for violations of § 2250. Diaz has not demonstrated plain error.

Accordingly, the judgment of the district court is AFFIRMED.