**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-10681
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STANLEY A LEITNER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-261-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Stanley A. Leitner appealed the 210-month sentence he received following his conviction by a jury on multiple counts. We AFFIRM.

Leitner was charged with wire fraud in violation of 18 U.S.C. § 1343; securities fraud, in violation of 15 U.S.C. §§ 77q(a) and 77x; failure to disclose compensation for promoting a security, in violation of same; money laundering, in violation of 18 U.S.C. § 1956(a); and engaging in illegal monetary transactions, in violation of 18 U.S.C. § 1957. Although he concedes that he was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced at the low end of the properly calculated guidelines range, he urged that the sentence was nevertheless unreasonable.

We review the sentence imposed for reasonableness, applying an abuse of discretion standard of review. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). Because the sentence imposed was within the Guidelines range, it is entitled to a rebuttable presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 346 (2007). Additionally, we "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *Mares*, 402 F.3d at 519. In such cases, "it will be rare for a reviewing court to say such a sentence is 'unreasonable'" and "little explanation is required." *Id.*

Leitner first argues that the sentence is procedurally unreasonable because the district court allegedly relied only upon the Guidelines and did consider the Section 3553(a) factors. He also argues that the district court erroneously disregarded his personal history and characteristics. He describes himself as elderly and naive, having acted in good faith, and having been "duped" by others. He also emphasizes that he was a nonviolent first-time offender with a low chance of recidivism. Based on his personal characteristics and the nature of his offense, he alleges that the Guidelines sentence is greater than necessary to meet the sentencing objectives of Section 3553.

Part of Leitner's argument could be seen as characterizing the district court's actions as having treated the Guidelines as mandatory. We find no support in the record for that contention. Leitner's argument that the district court failed to consider the Section 3553(a) factors is likewise refuted by the record. The district court specifically stated at sentencing that it had considered the factors. It particularly noted Leitner's advanced age. The court nevertheless concluded that consideration of those factors persuaded it that a sentence within the Guidelines was appropriate. That was particularly so in light of the

magnitude of the financial loss to the victims "and the threat that a loss of such magnitude represents." This discussion evinces consideration of Sections 3553(a)(2)(A)(B) and (C), which involve the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public, which the district court felt outweighed Leitner's age and lack of criminal history.

For the first time on appeal, Leitner contends that the district court erroneously failed to consider a statutory factor that should have received significant weight, the need to avoid unwarranted sentencing disparities with similarly situated defendants under Section 3553(a)(6), citing other white-collar criminal defendants who received less severe sentences. His vague reference to other white-collar criminals does not demonstrate that they were actually "similarly situated" to him or that any alleged sentencing disparity was "unwarranted." *See* § 3553(a)(6); *cf. United States v. Willingham*, 497 F.3d 541, 545 (5th Cir. 2007).

The totality of the circumstances in Leitner's case, considered in light of the Section 3553(a) factors, supports the sentence the district court imposed. *See Gall*, 128 S. Ct. at 597. Leitner's argument regarding his characteristics and the nature of his offense essentially asks this court to reweigh the Section 3553(a) factors, which it may not do under *Gall*. *See id.* Leitner has not overcome the presumption of correctness attached to his within-guideline sentence. *See Mares*, 402 F.3d at 519.

The district court's judgment is AFFIRMED.