# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2011

Lyle W. Cayce
Clerk

No. 10-10699
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN LORENZO SAUCEDO-ROMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:10-CR-6-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Lorenzo Saucedo-Roman appeals the 37-month within-guidelines sentence imposed following his guilty plea to illegal reentry into the United States following deportation. Saucedo-Roman contends that his sentence is substantively unreasonable because it gives too much weight to his stale drug trafficking conviction and not enough weight to his rehabilitation. In support of his argument, he cites to extra-circuit law and a proposed 2011 amendment to the Guidelines. He also argues that his sentence is unfair because immigration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants in the Northern District of Texas receive longer terms of imprisonment and fewer below-guidelines sentences than similarly-situated defendants across the nation.

Saucedo-Roman concedes that, because he challenges the substantive reasonableness of his sentence for the first time on appeal, that issue should, pursuant to our precedent, be reviewed for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under the plain error standard, Saucedo-Roman must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he satisfies the first three elements of the plain error standard, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

"A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Saucedo-Roman's disagreement with the propriety of his sentence does not rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *see also United States v. Willingham*, 497 F.3d 541, 544-45 (5th Cir. 2007); *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). As Saucedo-Roman has failed to demonstrate plain error in connection with his sentence, the district court's judgment is AFFIRMED.