# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2011

Lyle W. Cayce
Clerk

No. 10-10678
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee

v.

ARMANDO BENAVENTE-FRANCO,

                    Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-12-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Armando Benavente-Franco challenges his 96-month sentence, imposed following his guilty-plea conviction for unlawful reentry, in violation of 8 U.S.C. § 1326. He contends: his sentence was substantively unreasonable; and remand is necessary for the district court to consider whether a recent sentencing Guideline amendment, eliminating recency points in determining a criminal-history score, warrants a lesser sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10678

Although post-*Booker*, the sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

The presentence investigation report (PSR) computed Benavente's sentence as follows: a criminal-history category of V; a total-offense level of 21, which included a 16-level enhancement based upon his previous felony conviction for illegal transportation of aliens; and a Guideline range of 70 to 87 months' imprisonment. In calculating his criminal history, the PSR assessed Benavente 10 criminal-history points: two for a 2002 illegal-reentry conviction; three for illegal-transportation-of-aliens conviction; two for driving while intoxicated, coupled with a conviction for evading arrest; two for committing the illegal-reentry offense while on supervised release; and one "recency" point for committing the instant offense within two years of release from imprisonment on the illegal-transportation-of-aliens conviction. The PSR stated that an upward departure would not be unreasonable, based on Benavente's criminal history. The district court issued an order tentatively concluding that the sentence imposed should be "significantly greater than the top of the advisory guideline range" because of, *inter alia*, Benavente's criminal history.

At sentencing, the district court departed upward, pursuant to Guideline § 4A1.3 (warranting upward departure where reliable information indicates criminal-history category substantially under-represents seriousness of defendant's criminal history or the likelihood defendant will commit other crimes). It appropriately considered Benavente's pattern of criminal behavior and disregard for the law, evidenced by prior convictions, including at least six

2

prior illegal entries, only one of which resulted in prosecution and for which he served 90 days. *See* § 4A1.3(a)(1), (a)(2)(E); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006). Benavente contends: his criminal history is less serious than that of the typical reentry defendant; his prior alien-transporting offense is not as serious as other offenses that also result in a 16-level enhancement; and the 16-level enhancement in illegal-reentry cases is generally not justified. Those contentions do not establish an abuse of discretion.

Moreover, his reliance on statistics regarding mean and median sentences for illegal reentry, and the rate of departures in the Northern District of Texas, is unavailing: those statistics shed no light on either the factors informing the underlying sentencing decisions, or on whether his 96-month sentence was unreasonable. *See, e.g.*, *United States v. Willingham,* 497 F.3d 541, 544-45 (5th Cir. 2007) (noting statistics on average sentence meaningless because disregards individual circumstances). His sentence, nine months above the advisory-range maximum, is within departure ranges our court has previously upheld. *E.g.*, *United States v. Jones*, 444 F.3d 430, 442-43 (5th Cir. 2006); *Zuniga-Peralta*, 442 F.3d at 348.

With regard to Benavente's request for remand to permit the district court to consider a Guideline amendment eliminating recency points, that amendment was pending during Benavente's sentencing, but he failed to raise that issue in district court. Accordingly, that issue is reviewed only for plain error. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Under plain-error review, defendant must show a clear or obvious error affecting his substantial rights. *Id.* Even if such showing is made, relief is discretionary, and should be exercised only when the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *Id.* (citation and internal quotation marks omitted).

No. 10-10678

The district court was required to apply the Guidelines in effect at the time of sentencing, *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007); its failure to consider *sua sponte* a pending amendment is not clear or obvious error.  Even assuming error, Benavente has not shown his substantial rights were affected, because there is no evidence the court would have imposed a lesser sentence without the recency point, particularly in the light of its discussing Benavente's criminal history.  *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009).  Further, although the amendment was adopted while this appeal was pending, we reject Benavente's suggestion we should remand on that basis.  *See United States v. Huff*, 370 F.3d 454, 466 (5th Cir. 2004); *United States v. McIntosh*, 280 F.3d 479, 484-85 (5th Cir. 2002).

AFFIRMED.