# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2011

Lyle W. Cayce
Clerk

No. 10-11082
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ENRIQUE GOMEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-49-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Enrique Gomez-Garcia (Gomez) appeals the 60-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation. Gomez argues that the district court's upward departure from the advisory guidelines range of 24-30 months of imprisonment based on the inadequacy of his criminal history category was substantively unreasonable.

We review Gomez's sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2005). Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both the decision to depart upward and the extent of the departure for an abuse of discretion. *United States v. Zuniga–Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons for the departure advance the objectives of § 3553(a) and are justified by the particular facts of the case. *Id.*

Given Gomez's extensive criminal record and the lack of deterrent effect from prior sentences, as shown by the expediency with which he has returned to this country illegally and committed other offenses, the district court did not abuse its discretion by upwardly departing based on its finding that Gomez's criminal history category underrepresented the seriousness of his criminal history and the likelihood that he would recidivate. See § 3553(a); *Zuniga–Peralta*, 442 F.3d at 347-48. Gomez's assertions that the departure was unwarranted in light of the fact that he was already in the highest criminal history category and because the Northern District of Texas has a higher upward departure rate in illegal reentry cases than the national average are unavailing. *See* U.S.S.G. § 4A1.3, p.s.; *United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). Additionally, Gomez has not shown that the district court abused its discretion in determining the extent of the departure. *See United States v. Brantley*, 537 F.3d 347, 349–50 (5th Cir. 2008); *Zuniga–Peralta*, 442 F.3d at 347-48; *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).

AFFIRMED.