**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2011

Lyle W. Cayce
Clerk

No. 11-40088
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR CAVAZOS CARREON, Also Known as Hector Carreon Cavazos,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:10-CR-1438-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Hector Cavazos Carreon appeals his conviction of being illegally present in the United States after having been deported. He argues that his forty-six-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

month sentence is substantively unreasonable. Although he acknowledges that the presumption of reasonableness attaches to his within-guideline sentence, he contends that he can rebut the presumption because his sentence is greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a). He maintains that the sixteen-level increase to his offense level is excessive, given that his burglary conviction was long ago, in 1990. In support of his argument, he cites extra-circuit precedent and a proposed 2011 amendment to the guidelines.

This court reviews the district court's application of the guidelines *de novo* and its findings of fact for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Cavazos Carreon's disagreement with the propriety of his sentence does not rebut the presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *see also United States v. Willingham*, 497 F.3d 541, 544-45 (5th Cir. 2007); *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). Cavazos Carreon's alternative argument that his sentence is not presumptively reasonable because U.S.S.G. § 2L1.2 is penologically flawed and not the result of empirical evidence or study is foreclosed by this court's precedent. *See Mondragon-Santiago*, 564 F.3d at 367; *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Cavazos Carreon also argues that the district court plainly erred in convicting, sentencing, and entering judgment against him under 8 U.S.C. § 1326-(b)(2), because he was not deported following a conviction for an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43). He contends that the sentence should be vacated and remanded for resentencing or, in the alternative, for reformation of the judgment. The government agrees that the judgment erroneously reflects a conviction under § 1326(b)(2), but the government states that the appropriate remedy is for this court to reform the judgment to reflect a convic-

tion under § 1326(b)(1).

As Cavazos Carreon acknowledges, his claim is reviewed for plain error, because he did not raise it in the district court. *See Mondragon-Santiago*, 564 F.3d at 368. The judgment does incorrectly cite to § 1326(b)(2) in light of the fact that Cavazos Carreon's burglary-of-a-habitation conviction, for which he received a sentence of deferred adjudication probation, does not qualify as an "aggravated felony" for purposes of § 1101(a)(43)(F). *See Mondragon-Santiago*, 564 F.3d at 369. Cavazos Carreon acknowledges, however, that he cannot show that the error affected his substantial rights, given that the sentence is within a correctly calculated guideline range and does not exceed the statutory maximum of § 1326(b)(1). *See id.* Accordingly,  the judgment of sentence is AFFIRMED but REFORMED to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).