# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

Lyle W. Cayce
Clerk

No. 12-20067
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID LOPEZ CORONADO, also known as David Lopez, also known as David
Lopez-Coronado, also known as David Lopez Coranando,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-584-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Lopez Coronado (Lopez) appeals the 40-month sentence imposed
following his guilty-plea conviction for illegal reentry after deportation. Lopez
argues that the district court's (two-level) upward departure from the advisory
guidelines range of 27-33 months of imprisonment based on the understatement
of the seriousness of his prior conviction under Application Note 7 to U.S.S.G. §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

2L1.2 and the underrepresentation of his criminal history under § 4A1.3 was substantively unreasonable.

We review Lopez's sentence for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Reasonableness review, in the context of a guidelines departure, requires this court to evaluate both the decision to depart upwardly and the extent of the departure for an abuse of discretion. *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). An upward departure is not an abuse of discretion if the reasons for the departure advance the objectives of 18 U.S.C. § 3553(a) and are justified by the particular facts of the case. *Id.*

Given Lopez's criminal history of prior convictions for delivery of a controlled substance and arson, and in light of his at least four previous illegal reentries without prosecution, the district court did not abuse its discretion by upwardly departing based on its finding that Lopez's criminal history category underrepresented the seriousness of his criminal history and that the 12-level enhancement did not adequately reflect the extent or seriousness of the conduct underlying his prior drug conviction. *See* § 4A1.3; § 2L1.2, comment. (n.7); § 3553(a); *Zuniga-Peralta*, 442 F.3d at 347-48. Lopez's assertion that his sentence was not reflective of sentences for other defendants engaged in similar conduct is unavailing. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). Additionally, Lopez has not shown that the district court abused its discretion in determining the extent of the departure. *See Zuniga-Peralta*, 442 F.3d at 347-48; *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005); *United States v. Jones*, 444 F.3d 430, 442-43 (5th Cir. 2006).

Lopez also argues in a conclusory manner that his sentence is unconstitutional because it is "grossly disproportionate" to that of persons convicted of similar crimes and constitutes cruel and unusual punishment in violation of the Eighth Amendment. There is no basis to conclude that the two-level upward departure was either "grossly disproportionate" or violative of

No. 12-20067

the Eighth Amendment's prohibition against cruel and unusual punishment. Lopez has not demonstrated plain error. *See United States v. Ferguson*, 211 F.3d 878, 886 (5th Cir. 2000).

AFFIRMED.