# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50337
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2014

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

JOSE ANTONIO FAUSTINO-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-812-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Jose Antonio Faustino-Rodriguez (Faustino) pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 78 months of imprisonment and three years of supervised release. Faustino challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He asserts that the 78-month sentence

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

far exceeds the average sentence imposed in cases involving illegal reentry after deportation and that the sentence failed to take into account his personal circumstances and characteristics, such as his expression of contrition and promise to never return to this country.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). A within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

None of Faustino's arguments are sufficient to rebut the presumption of reasonableness. First, this court has rejected the argument that the Guidelines overstate the seriousness of illegal reentry because it is a nonviolent offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Second, we have also recognized that a claim of benign motive for reentry fails to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Finally, the assertion that Faustino's sentence is higher than the average sentence imposed in an illegal reentry case does not render the sentence he received an abuse of discretion. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). That is especially true because Faustino is not an average illegal reentry defendant. He received a sixteen point enhancement because a previous deportation had followed a federal drug trafficking offense for which the sentence exceeded thirteen months. He also has two prior illegal reentry

No. 14-50337

convictions–one in 2003 that resulted in a 48 month term of imprisonment and one in 2008 that resulted in a 60 month term of imprisonment. The district court in this case mentioned the inability of the 60 month sentence to deter Faustino in imposing the lengthier sentence this time.

For these reasons, Faustino has not demonstrated that the district court abused its discretion when it sentenced him to a within-guidelines sentence of 78 months. *See Gall*, 552 U.S. at 51. The judgment of the district court is AFFIRMED.