# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50562
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER ENRIQUE RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1427-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Javier Enrique Rodriguez pleaded guilty to illegal reentry and was sentenced within the advisory guidelines range to 48 months in prison and three years of supervised release. He now appeals, arguing that his sentence is substantively unreasonable. Because Rodriguez did not object to his sentence in the district court, our review is limited to plain error. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50562

Rodriguez argues that his sentence is greater than necessary to fulfill the sentencing goals of 18 U.S.C. § 3553(a)(2). He contends that because the illegal reentry offense level is based on a defendant's prior criminal record and because he was convicted of robbery six years ago, his resulting sentencing range was too severe. Rodriguez further contends that his sentence creates an unwarranted sentencing disparity because the median illegal reentry sentence in 2010 was 15 months of imprisonment. Rodriguez argues that his sentence does not accurately account for the § 3553(a) factors.

Because Rodriguez was sentenced within the advisory guidelines range, his sentence is presumed reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). That Rodriguez's prior robbery offense resulted in a light sentence and occurred six years before his illegal reentry offense does not suffice to rebut the presumption that his sentence is reasonable. *Cf. United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Further, his unwarranted-sentencing-disparity argument ignores "the enhancements or adjustments for the aggravating or mitigating factors that distinguish individual cases." *United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007).

Rodriguez is essentially asking to have his sentence vacated based on our reweighing of the § 3553(a) factors. However, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Rodriguez has not shown that the district court plainly erred when it sentenced him to 48-months of imprisonment.

AFFIRMED.

2