# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10422
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KARL LEE COPELAND,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Karl Lee Copeland appeals the sentence imposed by the district court after his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. He argues that the sentence was substantively unreasonable because the district court did not give sufficient weight to his withdrawal from the conspiracy after eight weeks, to his age and his projected 15-year life expectancy, and to the public perception that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10422

guidelines sentences are too harsh. He further asserts that the district court should have considered the need to avoid unwarranted sentencing disparities between his sentence and that of his codefendants.

Because the 188-month sentence was within the advisory guidelines range, it is entitled to a presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court considered the Presentence Report, the 18 U.S.C. § 3553(a) sentencing factors, and Copeland's arguments for a downward departure or variance. The district court noted that, but for defense counsel's arguments, a higher sentence might have been warranted given Copeland's extensive criminal history. Instead, the district court determined that a sentence at the bottom of the guidelines range was appropriate. Copeland's disagreement with the propriety of the sentence or the weight given to § 3553(a) factors is not sufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The district court did not err in rejecting Copeland's argument for a lesser sentence based on his withdrawal from the conspiracy, as he did not show that he affirmatively withdrew from the conspiracy or that the district court failed to give this fact the proper weight. *See United States v. Heard*, 709 F.3d 413, 428 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013). Copeland has not shown that there were unwarranted sentence disparities because he provided no information about his codefendants' criminal histories or other particular aggravating or mitigating facts concerning any other defendant convicted of this offense. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). For these reasons, Copeland has failed to overcome the presumption that his within-guidelines sentence was reasonable. *See Cooks*, 589 F.3d at 186.

AFFIRMED.