# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50738
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOGAR GALINDO-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-121-1

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Bogar Galindo-Garcia pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a). Based upon a 2001 conviction for possession with intent to distribute marijuana, which resulted in a 24-month term of imprisonment, Galindo-Garcia was assessed a 16-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(i). At sentencing, Galindo-Garcia asked the district court to impose a sentence below the guidelines range of 41 to 51 months. The district court rejected the request, citing Galindo-Garcia's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

drug trafficking conviction, and sentenced him to a term of imprisonment of 41 months.    Galindo-Garcia now argues that the sentence imposed is substantively unreasonable.

Because Galindo-Garcia did not object to the substantive reasonableness of his sentence in district court, we review for plain error only. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).    To establish plain error, Galindo-Garcia must show a forfeited error that is clear or obvious and that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Galindo-Garcia fails to establish that the sentence imposed is plainly erroneous.  First, Galindo-Garcia cites no authority to support his argument that the district court should have imposed a lower sentence in the instant case because the sentence for his drug trafficking case would have been lowered under Amendment 782 to the United States Sentencing Guidelines.    The absence of persuasive authority dooms this argument on plain error review. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010).  Second, this court has rejected variants of his remaining arguments in prior decisions.  *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (concluding that the district court did not impose a substantively unreasonable sentence where it considered but rejected, inter alia, defendant's argument that he illegally entered the United States to visit his ailing father); *United States v. Willingham*, 497 F.3d 541, 544-45 (5th Cir. 2007) (holding that statistics showing nationwide disparities in sentences imposed for the same offense, without more, provide no basis for imposing a non-guidelines sentence).

AFFIRMED.