# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41418
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN ROBERTO RINCON-RINCON, also known as X-5, also known as Primo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:12-CR-5-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Juan Roberto Rincon-Rincon was convicted, following a jury trial, of conspiracy to distribute five or more kilograms of cocaine and 1,000 or more kilograms of marijuana and conspiracy to import five or more kilograms of cocaine and 1,000 or more kilograms of marijuana. The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41418

sentenced him to, *inter alia*, two concurrent life terms in prison. Rincon appeals, challenging his conviction and sentence. We affirm.

First, as to his conviction, Rincon claims that the district court erred in denying his motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161. In this regard, Rincon argues conclusorily that his immigration detention was a ruse to allow the Government time to prosecute him for narcotics trafficking. However, Rincon fails to point to any particular fact or portion of the record that he believes supports his argument. He has therefore forfeited this argument. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) ("Inadequately briefed issues are deemed abandoned.").

Next, Rincon argues that the district court's sentence was procedurally flawed. He claims that the court erroneously believed that the Sentencing Guidelines' advisory range of life in prison was mandatory. To support this contention, Rincon points only to the district court's written statement of reasons, in which the court checked a box indicating that it had imposed the mandatory minimum sentence. This indication was proper, however, as it confirmed that Rincon's life sentences satisfied the statutory minimum sentence of 10 years in prison for his offenses of conviction. *See* 21 U.S.C. §§ 841(b)(1)(A), 960 (b)(1). Nothing in the record suggests that the district court believed the Guidelines range to be mandatory.

Finally, Rincon challenges the district court's sentence as substantively unreasonable. Because he did not raise this challenge below, we review it for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Rincon's within-Guidelines sentence is presumed to be reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Given the district court's thorough exposition of the record and of the reasons justifying its sentence, Rincon offers insufficient bases for forgoing application of that presumption to

No. 15-41418

his sentence and for supplanting it with a sentence of our choice. Rincon contends that his sentence is significantly higher than those imposed on other members of his drug cartel. However, our "concern about unwarranted disparities is at a minimum" with regard to within-Guidelines sentences, *United States v. Willingham*, 497 F.3d 541, 545 (5th Cir. 2007), and, unlike Rincon, the other defendants he references were either convicted of lesser offenses, pled guilty and cooperated with authorities, or both.

Accordingly, Rincon's conviction and sentence are AFFIRMED. Rincon's motions to proceed pro se or to have new counsel appointed and his counsel's motion to withdraw are all DENIED as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998); *States v. Sierra*, 186 F. App'x 461, 462 (5th Cir. 2006).