# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30230
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee

v.

DEANDRE LAMONT ROGERS, also known as Deandre Rogers,

                                        Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CR-3-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:*

Deandre Lamont Rogers pleaded guilty to two violations of 18 U.S.C. §§ 111 and 1114 based on two separate incidents in which he groped or attempted to grope a female U.S. Postal Worker. His Presentence Investigation Report calculated a guidelines sentencing range of 18 to 24 months and noted (1) several prior convictions based on similar incidents in which Rogers groped or sexually touched women in public, as well as (2) his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

history of mental illness and suicide attempts.  The district court denied Rogers's motion for a downward variance to time served, granted the Government's motion for an upward variance, and sentenced Rogers to 48 months of imprisonment based on his history and characteristics, the need for deterrence of criminal conduct, and to protect the public.  Rogers now challenges the substantive reasonableness of his sentence, which we review for abuse of discretion.  *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir.), *cert. denied*, 136 S. Ct. 213 (2015).

The upward variance imposed in this case is "commensurate with the individualized, case-specific reasons provided by the district court" and within the range of upward variances we have affirmed in the past.  *See United States v. McElwee*, 646 F.3d 328, 338, 343-45 (5th Cir. 2011).  Although Rogers argues that the district court made "a clear error of judgment in balancing the sentencing factors" by putting too little weight on his mental illness as a mitigating factor and too much weight on his purportedly exaggerated criminal history, he has not demonstrated that the district court abused its discretion.  *See McElwee*, 646 F.3d at 338; *Diehl*, 775 F.3d at 724.

Rogers also has not shown an unwarranted sentencing disparity between himself and any defendants "with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  The defendants he offers in comparison are not similarly situated.  *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).  The nationwide sentencing statistics on which he relies do not establish an unwarranted sentencing disparity.  *See United States v. Willingham*, 497 F.3d 541, 544-45 (5th Cir. 2007).

AFFIRMED.