# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20640
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Lehi Sorenson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-137-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Lehi Sorenson pled guilty to receiving and possessing child pornography. The district court varied upward from the 180-month Guidelines range and sentenced Sorenson to concurrent terms of 240 months of imprisonment followed by concurrent life terms of supervised release. On

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal, Sorenson challenges the substantive reasonableness of his above-Guidelines sentence.

We review a challenge to the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that the district court made an individualized assessment and concluded that the 180-month Guidelines range did not adequately account for the § 3553(a) factors. Sorenson cannot show that the district court failed to consider a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the factors. *See United States v. Gerezano-Rosales*, 692 F.3d 393, 400–01 (5th Cir. 2012).

Sorenson contends that the district court gave too little weight to his Guidelines calculations and prior 28-month term of imprisonment for an earlier child pornography offense. But the "sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors" and "may adjust the sentence accordingly under [18 U.S.C.] § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (quotation omitted). Sorenson also claims that his 60-month variance represents an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6). Even assuming a disparity, there is no indication that any disparity is unwarranted. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007).

AFFIRMED.