# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50600
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Thomas Scott Perkins,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-388-1

———————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

Thomas Scott Perkins was convicted by a jury of one count of distribution of child pornography and eight counts of possessing child pornography. He appeals the 360-month upward variance sentence imposed on remand for resentencing.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50600

We review preserved challenges to the substantive reasonableness of a sentence for abuse of discretion. *United States v. Vargas*, 21 F.4th 332, 334 (5th Cir. 2021). Appellate courts review sentences for reasonableness in view of the sentencing factors of 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* at 51.

The district court in this case heard the arguments of the parties, explained its choice of sentence at great length, expressly stating that it had considered the § 3553(a) factors, and discussed Perkins's characteristics, history, and circumstances, as well as his many health and mental health issues, with respect to those factors. Contrary to Perkins's contention, the district court did not disregard his Autism Spectrum Disorder (ASD). Rather, the court presided over Perkins's preliminary hearings and remembered the doctor's testimony, acknowledged receiving Perkins's sentencing memorandum that discussed his ASD at great length, and heard defense counsel's related mitigating arguments. The district court acknowledged that Perkins had many health and mental health issues but explained that it could not "wall that off and consider only that."

Perkins's arguments on appeal amount to no more than a disagreement with the district court's balancing of the applicable § 3553(a) factors, and we do not independently reweigh the § 3553(a) factors or substitute our judgment for that of the district court. *See Gall*, 552 U.S. at 51. Nor has he demonstrated an unwarranted sentencing disparity. *See United States v. Miller*, 665 F.3d 114, 123 (5th Cir. 2011); *United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007). After considering the totality of the circumstances, including the extent of the variance and the district court's justification, we conclude that the court did not abuse its discretion in fashioning Perkins's sentence. *See Gall*, 552 U.S. at 51. The judgment of the district court is therefore AFFIRMED.