# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2011

Lyle W. Cayce
Clerk

No. 11-20061
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO OVIEDO PEREZ, also known as Arturo Oviedo-Perez, also known as Arturo Perez Oviedo, also known as Arturo Alvarado,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-466-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Arturo Oviedo Perez pled guilty to illegal reentry into the United States following deportation subsequent to a conviction for an aggravated felony. *See* 8 U.S.C. § 1326. As the result of a 16-level enhancement of his base offense level based on a 1992 drug trafficking conviction, Perez's sentencing range was 41 to 51 months of imprisonment. *See* U.S.S.G. § 2L1.2(b)(1)(B). He was sentenced to 41 months in prison and was given one month's credit for time served.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20061

On appeal, Perez reiterates his claim that the 16-level enhancement was improper because his 1992 conviction was stale. Its consideration resulted in an allegedly disproportionate sentence that was unreasonable and also violated the Eighth Amendment's prohibition against cruel and unusual punishment. Perez contends for the first time on appeal that the use of a prior conviction to enhance his sentence for his illegal reentry offense caused an unwarranted sentencing disparity that violated the Equal Protection Clause, that the district court should have considered a proposed amendment to the Sentencing Guidelines, and that the district court failed to consider all of the sentencing factors in 18 U.S.C. § 3553(a). He suggests that he should have received a downward departure or a variance.

We review sentences for reasonableness in light of the sentencing factors of Section 3553(a). *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007). In doing so, we ordinarily inquire "whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). Our review is for plain error on any issue raised for the first time on appeal. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Because Perez cannot prevail on any claim even under the less deferential standard of review for abuse of discretion, it is unnecessary to assign a standard of review for each of his arguments. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

We first conclude that Perez has abandoned three of his arguments by failing to brief them. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The abandoned arguments are that the district court should have based the sentence solely on a 30-day sentence Perez received for driving while intoxicated in 2011, that a proposed amendment to the Guidelines should have been considered, and that factors counseling in favor of a downward departure were not adequately considered.

We find meritless the contention that the court did not consider the Section 3553(a) factors. The district court expressly stated that it chose Perez's

2

sentence in light of those factors. We also infer consideration of those factors because Perez's sentence is "within a properly calculated Guideline range." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). We reject that it was an abuse of discretion to apply the enhancement of Section 2L1.2(b)(1)(B) at all. The district court was required to make the proper Guideline calculations and consider the resulting sentencing range, else there would have been procedural error. *See Gall*, 552 U.S. at 51.

Perez also contends that the imposition of the 16-level enhancement based on his 1992 conviction was unreasonable because he has not committed serious crimes since that conviction. He relies on a Ninth Circuit opinion vacating an enhancement for a conviction that occurred 25 years before the defendant's unlawful reentry. *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009). That court declined to hold that it was "*per se* unreasonable to apply the enhancement when the conviction is too stale to be counted for purposes of the criminal history." *Id.* at 1054. After remarking on the limited scope of its decision, the court reasoned that the defendant's specific characteristics and his subsequent lack of convictions listed in Section 2L1.2 made his 52-month sentence unreasonable. *Id.* at 1058.

The district court considered *Amezcua-Vasquez* but still found the sentence imposed to be sufficient and not greater than necessary. The court expressed concern that a lesser sentence would not deter this defendant from attempting to make a second illegal reentry. Unlike Amezcua-Vasquez, Perez had evaded detection by law enforcement for approximately a decade until he was convicted of driving while intoxicated. In addition, Perez had four other drug convictions that had not been reflected in his criminal history category.

This court recently examined *Amezcua-Vasquez* before deciding that "the staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable," nor does it "destroy the presumption of reasonableness that

attaches to such sentences." *United States v. Rodriguez*, No. 10-41188, 2011 WL 4640871, at *3 (5th Cir. Oct. 7, 2011). The district court sentenced Perez to the low end of the Guideline range. Under our highly deferential review, there was no error. A "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The age of Perez's conviction does not make this sentence substantively unreasonable.

We reject Perez's apparent argument that the Sentencing Commission has not sufficiently justified the 16-level enhancement. We continue to apply the appellate presumption of reasonableness to within-Guidelines sentences even if the particular Guideline lacks an empirical basis. *See United States v. Duarte,* 569 F.3d 528, 529-31 (5th Cir. 2009).

Perez has not shown that the enhancement creates unwarranted sentencing disparities. *See United States v. Willingham,* 497 F.3d 541, 545 (5th Cir. 2007). The enhancement applies equally to all persons with prior drug trafficking convictions who have illegally reentered the United States. *See United States v. Cardenas-Alvarez,* 987 F.2d 1129, 1134 (5th Cir. 1993). Additionally, we conclude that Perez has not demonstrated that his sentence is grossly disproportionate to his offense or that it rises to the level of cruel and unusual punishment. *See id.*

Neither has Perez convinced us that his sentence is unreasonable in any other respect. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Consequently, even were we to agree with Perez that the sentence he proposed was itself reasonable, that would not be reason "to justify reversal of the district court." *Gall*, 552 U.S. at 51.

AFFIRMED.