# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2012

No. 11-20544
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS BONILLA-PONCE, also known as Carlos Roberto Bonilla Ponce, also known as Carlos Bonilla Ponce, also known as Carlos Roberto Bonilla-Ponce, also known as Carlos Bonilla, also known as Hector Juarez Leiba,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-168-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carlos Bonilla-Ponce pleaded guilty, without the benefit of a plea agreement, to being unlawfully present in the United States after having been deported. His advisory guidelines sentencing range was 15 to 21 months of imprisonment, but the court imposed a 33-month sentence, explaining that Bonilla-Ponce received lenient sentences for his two previous illegal reentries

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

but, despite promises that he would not reenter, he continued to flout the immigration laws. Bonilla-Ponce challenges the sentence as substantively unreasonable. Generally, this court reviews a sentence for reasonableness under an abuse of discretion standard, taking into account the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). The Government argues, however, that plain error review should apply, contending that Bonilla-Ponce's objection in the district court was insufficient to preserve the issue for appellate review. However, we need not decide which standard of review applies because Bonilla-Ponce cannot succeed even under the more lenient abuse of discretion standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

Where a district court varies upward from the guidelines range, this court must determine whether the sentence "unreasonably fails to reflect" the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). An above-guidelines sentence is unreasonable if it either "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* We also consider the extent of the variance from the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Bonilla-Ponce's argument that his criminal history score accounted for his past crimes and recidivism fails because the score did not take into account that he continued to illegally reenter the country despite his promises not to do so and despite the fact that lenient sentences had not deterred him. In any event, a district court may vary upward based on factors already considered by the guidelines. *See United States v. Williams*, 517 F.3d 801, 810-12 (5th Cir. 2008). As for his suggestion that his state and immigration detentions should have operated to reduce his sentence and his argument that the district court

overstated the seriousness of his offense, these complaints amount to a mere disagreement with the weight the district court gave to the various sentencing factors and thus are insufficient to warrant reversal. *See Gall*, 552 U.S. at 51 (explaining that appellate courts will not reweigh the sentencing factors). Even if, as Bonilla-Ponce suggests, a shorter sentence would have been sufficient to deter him, that is insufficient to warrant reversal given the wide discretion of the district court. *United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010). Finally, though Bonilla-Ponce argues generally that his sentence was disparate from those of similar offenders, this argument fails because he provides no information about particular aggravating or mitigating facts concerning any other defendant. *See United States v. Willingham*, 497 F.3d 541, 544 (5th Cir. 2007).

Although the sentence represents a substantial increase from the guidelines range, the district court was in the best position to judge Bonilla-Ponce and the circumstances of the offense, and the reasons given by the district court sufficiently support the sentence. *See Williams*, 517 F.3d at 812-13. The court tied the reasons for its sentence to specific facts and particular § 3553(a) factors, which were sufficient to justify the extent of the variance. The court made an individualized assessment and was free to conclude, as it did, that in Bonilla-Ponce's case, the guidelines range gave insufficient weight to some of the sentencing factors, including the seriousness of the offense and the need to protect the public and deter Bonilla-Ponce from continuing to violate the law. *See* § 3553(a); *Williams*, 517 F.3d at 809.

The judgment of the district court is AFFIRMED.