# United States Court of Appeals
# for the Fifth Circuit

No. 24-50257

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesus Garcia, Jr.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-410-1

_____

Before Higginson, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jesus Garcia, Jr., pled guilty to importation of illegal drugs, and the district court imposed a sentence well above the applicable Guidelines range. Garcia appeals his sentence as substantively unreasonable. Because the district court did not abuse its discretion in imposing an above-Guidelines sentence, we affirm.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50257

## I.

In March 2021, Customs and Border Protection officers detained Jesus Garcia, Jr., as he entered Texas from Mexico and discovered fifteen bricks of cocaine in his vehicle.  A lab test later revealed the net weight of the cocaine to be 15.007 kilograms.  Garcia subsequently pled guilty to importing five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1).

In calculating Garcia's sentencing range, the presentence report (PSR) relied on U.S.S.G. § 2D1.1(c)(4), which assigns a base offense level of 32 for "[a]t least 15 KG but less than 50 KG of Cocaine."  The PSR then factored a three-level reduction for acceptance of responsibility, and Garcia's lack of previous criminal convictions resulted in a criminal history category of I.  The resulting Guidelines sentencing range was 87 months to 108 months.  But because the statutory minimum for Garcia's offense was 120 months, 21 U.S.C. § 960(a)(1) & (b)(1) ("not less than 10 years" for "5 kilograms or more of . . . cocaine"), the Guidelines sentence became 120 months, *see* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable [G]uideline[s] range, the statutorily required minimum sentence shall be the [G]uideline[s] sentence.").

At sentencing, the probation officer informed the district court that Garcia had qualified for the "safety valve," 18 U.S.C. § 3553(f),[1] which

--------------------------------

[1] The "safety valve" provision allows a court "to sentence a defendant without regard to an otherwise applicable mandatory minimum term of imprisonment for certain types of drug-trafficking offenses if the defendant satisfies the five criteria in the statute." *Safety Valve*, UNITED STATES SENTENCING COMMISSION, https://www.ussc.gov/s (last visited April 9, 2025).  Further, U.S.S.G. § 2D1.1(b)(18) "provides for a 2-level decrease in the offense level for defendants who satisfy the safety valve criteria, regardless [of] whether they are subject to a mandatory minimum." *Id.*

permitted the district court to disregard the statutory minimum and resulted in a further two-level reduction to Garcia's offense level. The district court also determined that Garcia qualified for the zero-offender adjustment, U.S.S.G. § 4C1.1,[2] resulting in yet another two-level reduction. After these additional modifications to the offense level, the Guidelines range stood at 57 to 71 months.

The district court disagreed with the range, stating: "Sixteen kilos of cocaine . . . is not going to be 57 to 71 [months], especially with the purity as high as it is." When the Government clarified that the purity of the drugs had not been tested, the court responded it would "not mak[e] any assumptions as to purity" in Garcia's case. But the district court persisted that "given the quantity, [it did not] like the [Guidelines] range."

Instead of a within-Guidelines sentence, the district court imposed a sentence of 108 months' imprisonment and five years of supervised release. The court explained that the "advisory [G]uidelines [were] not adequate" when considering the "factual information contained within the [PSR]," "the [Guidelines'] policy statements[,] . . . the nature and circumstances of the offense, the seriousness of the offense, the history and characteristics of the defendant, the need to promote respect for the law and to provide just punishment for the offense, [and] the need to deter future criminal conduct and to protect the public." Garcia now appeals, challenging the substantive reasonableness of his sentence.

_____

[2] Section 4C1.1 allows "a decrease of two offense levels for offenders with zero criminal history points whose offense did not involve specific aggravating factors." *United States v. Munoz*, No. 4:15-CR-00647, 2024 WL 1119416, at *1 (S.D. Tex. Mar. 13, 2024).

No. 24-50257

## II.

"[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "We review the district court's interpretation and application of the Sentencing Guidelines *de novo*, and its factual determinations for clear error." *United States v. Jimenez*, 509 F.3d 682, 693 (5th Cir. 2007) (citing *United States v. Hinojosa*, 484 F.3d 337, 340 (5th Cir. 2007)). "In reviewing a non-[G]uidelines sentence for substantive unreasonableness, the court will consider the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (quoting *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008)) (internal quotation marks omitted).

Substantive reasonableness review "must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a)." *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). "A non-Guideline[s] sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 708. This court's "review for substantive reasonableness is 'highly deferential,' because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (quoting *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011)).

## III.

Though the Sentencing Guidelines are not binding, "the Guidelines should be the starting point and the initial benchmark." *Gall*, 552 U.S. at

46–49. However, the district court "may in appropriate cases impose a non-Guidelines sentence based on disagreement with the [Sentencing] Commission's views." *Pepper v. United States*, 562 U.S. 476, 501 (2011) (citing *Kimbrough v. United States*, 552 U.S. 85, 109–10 (2007)).

Garcia's imposed sentence of 108 months is well above the Guidelines range of 57 to 71 months, but this court has routinely affirmed more substantial upward variances. *E.g.*, *Brantley*, 537 F.3d at 353 (affirming a sentence "253% higher than the top of the Guidelines range"); *see also United States v. Trigueros-Recinos*, No. 21-50924, 2022 WL 3334500, at *1 (5th Cir. Aug. 12, 2022) (affirming a sentence of "58 months' imprisonment, which was beyond the Guidelines' recommended range of 27 to 33 months"); *United States v. Palma*, 449 F. App'x 386, 388 (5th Cir. 2011) (affirming a 180–month sentence "109 months greater than the top of [defendant's] [G]uidelines range"). And though Garcia avers that he received a higher sentence than other similarly situated defendants, his reliance on sentencing statistics is misguided. Such averages "only reflect a broad grouping of sentences imposed on a broad grouping of criminal defendants . . . [and] are basically meaningless in considering whether a disparity with respect to a particular defendant is warranted or unwarranted." *United States v. Willingham*, 497 F.3d 541, 544–45 (5th Cir. 2007). Moreover, Garcia's sentence is still below the statutory minimum of 120 months—no longer compulsory due to the safety valve, § 3553(f)—that the PSR initially adopted. Though not as much he may have hoped for, Garcia still benefited from the application of the safety valve via a sentence a year shorter than would otherwise have applied. All told, the 37-month upward variance is not substantively unreasonable based on its length alone.

The district court's stated specific reason for the upward variance was the drug quantity involved, 15.007 kilograms of cocaine. Though Garcia argues that an upward variance is unjustified in his "unremarkable" case, the

Supreme Court has "held that district courts have discretion to vary from the Sentencing Guidelines based *solely upon policy disagreement*." *United States v. Malone*, 828 F.3d 331, 338 (5th Cir. 2016) (emphasis added) (citing *Kimbrough*, 552 U.S. at 109). The district court's determination that the "advisory [G]uidelines [were] not adequate" to reflect the drug quantity at issue—alongside "the nature and circumstances of the offense, . . . the seriousness of the offense, and the need to impose a just sentence"—thus supports the exercise of discretion to impose an above-Guidelines sentence.

Finally, even though drug quantity was already factored into the calculation of the base offense level, a court's "giving extra weight to circumstances already incorporated in the [G]uidelines . . . is [also] within the discretion of the sentencing court." *Key*, 599 F.3d at 475; *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (A "sentencing court is free to conclude that the applicable [G]uidelines range gives too much or too little weight to one or more factors[] and may adjust the sentence accordingly under § 3553(a)." (quoting *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008))). While 15.007 kilograms of cocaine is at the very bottom of the weight range (15 to 50 kilograms) used to calculate Garcia's base offense level, *see* U.S.S.G. § 2D1.1(c)(4), it is much greater than the "5 kilograms or more" of cocaine for which Garcia was indicted, *see* 21 U.S.C. § 960(b)(1). Under our "highly deferential" standard of review, we cannot say that Garcia's sentence "fails to reflect the [§ 3553(a)] sentencing factors." *Smith*, 440 F.3d at 708.

\* \* \*

For the foregoing reasons, the district court did not abuse its discretion in imposing a non-Guidelines sentence in this case. Garcia's sentence is therefore

AFFIRMED.